The district court did not abuse its discretion by denying Taylor's motion for sanctions under Federal Rule of Civil Procedure 11 because Taylor failed to demonstrate any basis for imposing sanctions. *See* Fed. R. Civ. P. 11(b); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Taylor's motion to appoint pro bono counsel (Docket Entry No. 28) is denied.

**AFFIRMED.**

**IN RE: Daniel EVERETT, Debtor.**

**Daniel Everett, Plaintiff-Appellant,**

**v.**

**Paul Boschetti, Defendant-Appellee.**

**No. 15-17203**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 24, 2017

Daniel Everett, Pro Se

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Curtis Dowling, Attorney, Dowling & Marquez, LLP, San Francisco, CA, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Daniel Everett appeals pro se from the district court's judgment affirming the bankruptcy court's order denying Everett's "motion for damages and voiding of judgments for violation of automatic stay." We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly denied Everett's motion because Everett failed to show that the entry of stipulated judgment in accordance with the parties' settlement agreement or payment of his state court initial appearance fee was outside the scope of the order granting relief from the automatic stay. *See Griffin v. Wardrobe (In re Wardrobe)*, 559 F.3d 932, 936-37 (9th Cir. 2009) (order granting relief from the automatic stay is effective as to claims pending in the state court at the time).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.